IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DAVID SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 4:17-CV-00021-HLM |
| HILL-ROM COMPANY, INC. & | ) | |
| DEVIN ROSS PASCHAL | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HILL-ROM COMPANY, INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Hill-Rom Company, Inc.'s ("Hill-Rom"), by and through its attorneys hereby Answers Plaintiff's Original Complaint as follows:

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or part, fails to state a claim on which relief can be granted and Hill-Rom is entitled to a judgment of no cause of action as a matter of law.

2. Plaintiff's allegations of injuries or expenses relating to the alleged injuries were caused, in whole or in part, by Plaintiff's own acts or omissions.

3. Plaintiff's allegations of injuries or expenses relating to the alleged injuries were caused, in whole or in part, by the acts or omissions of another or

others for whose conduct Hill-Rom is not responsible and over whose conduct Hill-Rom has no control.

4. Hill-Rom asserts all defenses available to it under Federal Rules of Civil Procedure 8(c).

5. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

6. An award of punitive or exemplary damages in this action would violate Hill-Rom's rights to protection from "excessive fines" as provided in the VIII Amendment of the United States Constitution and Paragraph 17 of Section I of the Constitution of the State of Georgia.

7. Plaintiff fails to plead with particularity any alleged fraud or the circumstances constituting recovery of punitive damages as related to this Plaintiff.

8. Plaintiff's claims for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Georgia law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate Hill-Rom's due process rights under the United States and Georgia Constitutions.

9. An award of punitive or exemplary damages in this case would constitute a violation of Hill-Rom's right to due process of law under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, equal protection under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, and due process and equal protection under the Equal Protection Clause of the Fourteenth Amendment and to protection under Paragraphs 1 and 2 of Article I of the Constitution of the State of Georgia.

10. Plaintiff's claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive award under Georgia law, and because Georgia law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate Hill-Rom's due process rights under the United States and Georgia Constitutions.

11. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law without proof of every element beyond a reasonable doubt would violate Hill-Rom's rights under Amendments IV, V, VI, and XIV to the United States Constitution.

12. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law without proof of every element by clear and convincing evidence would violate Hill-Rom's rights under the due process clause of the United States and Georgia Constitutions and would be improper under the common law and public policies of the State of Georgia.

13. Plaintiff's claim for punitive damages cannot be sustained because the substantive, procedural and evidentiary prerequisites to recovery of such damages do not afford Hill-Rom the protections outlined in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003).

14. In response to the separately numbered allegations contained in Plaintiff's Complaint, Hill-Rom shows the Court the following:

**INTRODUCTION**

1.

Hill-Rom admits Paragraph 1 of the Complaint upon information and belief.

2.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, can neither admit nor deny same.

3.

Hill-Rom admits the allegations contained in Paragraph 3 of the Complaint.

4.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, can neither admit nor deny same.

## III. JURISDICTION AND VENUE

5.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, can neither admit nor deny same.

6.

Hill-Rom admits it is a business entity with its principal place of business in Indiana. Hill-Rom denies as pled the remainder of the allegations contained in paragraph 6 of the Complaint.

7.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, can neither admit nor deny same.

8.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, can neither admit nor deny same.

## IV. ALLEGATIONS OF FACTS

9.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, can neither admit nor deny same.

10.

Hill-Rom denies the allegations contained in Paragraph 10 of the Complaint.

11.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, can neither admit nor deny same.

## V. CAUSES OF ACTION AGAINST DEVIN ROSS PASCAL & HILL-ROM

### A. ALLEGATIONS OF NEGLIGENCE & NEGLIGENCE PER SE

12.

Hill-Rom denies the allegations contained in Paragraph 12 of the Complaint.

13.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, can neither admit nor deny same.

14.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, can neither admit nor deny same.

15.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, can neither admit nor deny same.

**C. [sic]ALLEGATIONS OF RESPONDEAT SUPERIOR/ NEGLIGENCE**

15. [sic]

Hill-Rom denies the allegations contained in Paragraph 15 [sic] of the Complaint, including its subparagraphs (a) – (g).

16.

Hill-Rom denies the allegations contained in Paragraph 16 of the Complaint.

## C. ALLEGATIONS OF GROSS NEGLIGENCE

17.

Hill-Rom denies the allegations contained in Paragraph 17 of the Complaint.

18.

Hill-Rom denies the allegations contained in Paragraph 18 of the Complaint.

19.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, can neither admit nor deny same.

20.

Hill-Rom denies the allegations contained in Paragraph 20 of the Complaint.

## VI. ALLEGATIONS OF DAMAGES

21.

Hill-Rom denies the allegations contained in Paragraph 21 of the Complaint.

22.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, can neither admit nor deny same.

23.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, can neither admit nor deny same.

24.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, can neither admit nor deny same.

## VII. JURY DEMAND

25.

Hill-Rom is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, can neither admit nor deny same.

## VIII. PRESERVATION OF EVIDENCE

26.

Paragraph 26 is a statement, not an allegation to which an admission or denial is required. To the extent a response is required, Hill-Rom denies the allegations in Paragraph 26 of the Complaint.

## X. PRAYER

Hill-Rom denies the allegations contained in the unnumbered Paragraph under section "X. Prayer."

Each and every allegation contained in Plaintiff's Complaint which has not been specifically admitted or otherwise responded to by Hill-Rom is hereby denied, including without limitation, any allegation contained in the last unnumbered paragraph beginning "WHEREFORE", including its subparagraphs (a) through (c).

WHEREFORE, Hill-Rom denies that Plaintiff is entitled to any relief from Hill-Rom and respectfully requests judgment dismissing the Complaint with prejudice and awarding to Hill-Rom the costs of the action and reasonable attorneys' fees as may be allowed by law, and such other and further relief as the Court deems just and appropriate, and as to all issues properly triable by a jury, demands a jury consisting of twelve persons.

This 9th day of March, 2017.

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Ashley Webber Broach*

Ashley Webber Broach
Georgia Bar No. 083593
Daniel J. Kingsley
Georgia Bar No. 541547
Ashley N. Pruitt
Georgia Bar No. 772808

Attorneys for Defendant

1355 Peachtree Street, N.E.
The Peachtree – Suite 300
Atlanta, Georgia 30309-3238
Tele: (404) 874-8800
Fax: (404) 888-6199
ashley.broach@swiftcurrie.com
dan.kingsley@swiftcurrie.com
ashley.pruitt@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

This 9th day of March, 2017.

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Ashley Webber Broach*
___________________________________

Ashley Webber Broach
Georgia Bar No. 083593
Daniel J. Kingsley
Georgia Bar No. 541547
Ashley N. Pruitt
Georgia Bar No. 772808

Attorneys for Defendant

1355 Peachtree Street, N.E.
The Peachtree – Suite 300
Atlanta, Georgia 30309-3238
Tele: (404) 874-8800
Fax: (404) 888-6199
ashley.broach@swiftcurrie.com
dan.kingsley@swiftcurrie.com
ashley.pruitt@swiftcurrie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing ***DEFENDANT HILL-ROM COMPANY, INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT*** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Patrick A. Cruise
The Hamilton Firm
PO Box 158
Rossville, GA 30741
pac@thehamiltonfirm.com

Thomas J. Henry
Peter M. Zavaletta
Thomas J. Henry Injury Attorneys
521 Starr Street
Corpus Christi, Texas 78401
Pzavaletta-sva@thomasjhenrylaw.com

This 9th day of March, 2017.

SWIFT, CURRIE, McGHEE & HIERS LLP

*/s/ Ashley Webber Broach*

Ashley Webber Broach
Georgia Bar No. 083593
Daniel J. Kingsley
Georgia Bar No. 541547
Ashley N. Pruitt
Georgia Bar No. 772808

Attorneys for Defendant

1355 Peachtree Street, N.E.
The Peachtree, Suite 300
Atlanta, Georgia 30309-3238
ashley.broach@swiftcurrie.com
dan.kingsley@swiftcurrie.com
ashley.pruitt@swiftcurrie.com